IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONINI AND COHEN IMMIGRATION LAW GROUP, LLC, <br><br> Plaintiff, <br><br> *v.* <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Civil Action No. <br> 1:25-cv-06893-SEG |

**JOINT MOTION FOR STAY OF LITIGATION DEADLINES
AND BRIEF IN SUPPORT**

COME NOW the Parties in the above-styled civil action, through undersigned counsel, to respectfully request a stay of all litigation deadlines and, in support, show the Court the following:

1. Plaintiff Antonini and Cohen Immigration Law Group, LLC ("Plaintiff") claims that the United States Department of Labor ("Defendant") ("Defendant") failed to comply with the Freedom of Information Act ("FOIA") with respect to Plaintiff's FOIA request seeking documents related to a Wage and Hour Division investigation of Best Linen Services, LLC ("Best Linen"). *See* Doc. 1 (Complaint), ¶¶ 6-13. Defendant's answer is due on January 16, 2026.

2. The FOIA request referenced two case numbers: Case ID 1653684 and

1

Case ID 1769817.  *See* Doc. 1, ¶ 7.

3.     Defendant has identified the file for Case ID 1653684 and believes that it should be able to complete its review and prepare a response to Plaintiff regarding these documents by February 27, 2026.

4.     Defendant has learned that there is no case file for Case ID 1769817, which was opened solely to allow for the disbursement of a priority payment made by Best Linen as part of a bankruptcy order to Best Linen employees.  Defendant is in the process of attempting to determine whether there is any documentation reflecting this payment.  Once it has completed its search, it should be able to provide a date by which it will be able to prepare a response to Plaintiff regarding this second case file.

5.     Because the Parties would like to avoid the time and expense of unnecessary pleadings, and believe that discovery would be inappropriate, they submit that a stay that would provide Defendant with the time to respond to the FOIA request is the most efficient way to proceed in this FOIA case while conserving judicial resources.

5.     Accordingly, the Parties request that all litigation deadlines, including the deadlines for filing a responsive answer or pleading, serving initial disclosures, filing a preliminary report, conducting discovery and filing summary judgment motions, be stayed for a period of 120 days while the parties attempt to resolve the

underlying issues.

5. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002) (explaining that "district courts are entitled to broad discretion in managing pretrial discovery matters") (citations omitted). "When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date [has] been set." *JBS Hair, Inc. v. SLI Production IW Corp.*, No. 1:21-CV-1861-MLB, 2022 WL 877501, at *1 (N.D. Ga. Jan. 12, 2022) (quoting *Tomco Equip. Co. v. SE Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008)).

6. Here, a stay would allow the parties and the Court to avoid expending time and resources on discovery that may ultimately prove unnecessary. It would not prejudice or disadvantage either party.

WHEREFORE, the Parties pray that this motion be granted and that all deadlines be stayed for a period of 120 days while the parties attempt to resolve the underlying issues.

Respectfully submitted this ___ day of January, 2026.

| | |
|---|---|
| MARSHALL COHEN | THEODORE S. HERTZBERG |
| | UNITED STATES ATTORNEY |
| *s/MARSHALL COHEN* | *s/NEELI BEN-DAVID* |
| _____ | _____ |
| (BY NBD W/ EXPRESS PERMISSION) | NEELI BEN-DAVID |
| MARSHALL COHEN | ASSISTANT U.S. ATTORNEY |
| ANTONINI AND COHEN IMMIGRATION LAW GROUP | GEORGIA BAR NO. 049788 |
| | 600 Richard B. Russell Bldg. |
| GEORGIA BAR NO. 174580 | |
| 2751 Buford Highway NE, Suite 500 | 75 Ted Turner Drive, SW |
| Atlanta, Georgia 30324 | Atlanta, Georgia 30303 |
| (404) 523-8141(Tel) | (404) 581-6303 (tel) |
| cohen@antoniniandcohen.com | (404) 581-4667 (facsimile) |
| | neeli.ben-david@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and brief have been prepared using Book Antiqua, 13 point font.

*/s/ Neeli Ben-David*
NEELI BEN-DAVID
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

    I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to counsel of record:

    This ___ day of January, 2026.

                                          */s/ Neeli Ben-David*
                                          NEELI BEN-DAVID
                                          *Assistant United States Attorney*